706 S.E.2d 510

**In the Matter of Elizabeth Mason SMITH, Respondent.**

**No. 26933.**

Supreme Court of South Carolina.

Submitted Jan. 24, 2011.

Decided Feb. 22, 2011.

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Charles B. Macloskie, of Macloskie Law Firm, of Beaufort, for respondent.

PER CURIAM.

In this attorney disciplinary matter the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of an indefinite suspension or disbarment pursuant to Rule 7(b), RLDE, Rule 413, SCACR.[1] Respondent requests that, if the Court accepts the agreement, that the sanction be imposed retroactively to July 31, 2009, the date of her interim suspension. *In the Matter of Smith,* 390 S.C. 543, 703 S.E.2d 499 (2009). We accept the agreement and disbar respondent from the practice of law in this state, retroactive to the date of her interim suspension. The facts, as set forth in the agreement, are as follows.

## FACTS

On July 30, 2009, while respondent was the Beaufort County Clerk of Court, she was indicted and charged with writing checks on two Clerk's Office accounts between August 2006 and April 2009 for uses unrelated to her role as a lawyer or duty as the Clerk of Court. The checks totaled $23,500. On September 21, 2009, following a trial, respondent was convicted of three counts of embezzlement of public funds less than $5,000, one count of embezzlement of public funds more than $5,000, and one count of misconduct in office.

Respondent was sentenced to five years on each of the three counts of embezzlement of public funds less than $5,000, six years on the count of embezzlement of public funds more than $5,000, and one year on the count of misconduct in office, all of which were suspended upon service of five years of probation. The sentences were ordered to run concurrently. All of the funds have been repaid.

---

1. Since formal charges were not filed prior to January 1, 2010, an indefinite suspension remains a possible sanction under prior Rule 7(b)(2), RLDE. *See* Amendments to the South Carolina Rules of Lawyer Disciplinary Enforcement Order dated October 16, 2009.

## LAW

Respondent admits that, by her misconduct, she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); Rule 8.4(b) (it is professional misconduct for lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects); Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

Further, respondent admits her misconduct is grounds for discipline under Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct), Rule 7(a)(4) (it shall be ground for discipline for lawyer to be convicted of a serious crime), and 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

## CONCLUSION

We accept the Agreement for Discipline by Consent and disbar respondent from the practice of law retroactively to the date of her interim suspension. Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30 of Rule 413, SCACR, and shall also surrender her Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.